```
Court Name: U.S. District Court, NDCA
Division: 3
Receipt Number: 34611020955
Cashier ID: sprinka
Transaction Date: 07/07/2008
Payer Name: LAVONIA MARGALA
--------------------------------
WRIT OF HABEAS CORPUS
 For: STEVE BELL
 Amount:       $5.00
--------------------------------
CHECK
 Check/Money Order Num: 607
 Amt Tendered: $5.00
--------------------------------
Total Due:      $5.00
Total Tendered: $5.00
Change Amt:     $0.00

08-3269TEH(pr)

Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it  was drawn.
```

Clerk of the Court
United Stated District Court
Northern District of California
450 Golden Gate
San Francisco, CA 94102


Dear Sir/Madam:

Please file the enclosed form habeas petition, *Brief in Support*, and Exhibits [Note: Original only for *pro se* litigant per Local Rule 2254-3(g)]. I have enclosed the required $5.00 filing fee.

Also, please endorse and return to me (in the SASE provided) the enclosed confirmation cover sheets.

Thank you,

Steven D. Bell
Petitioner, *In Pro Se*
A.S.P., #J-69411, 120-236-L
P. O. Box 9
Avenal, CA 93204-0009



CERTIFIED MAIL

7006 0810 0005 0051 0070

LaVonia Margala
1692 Carmel Circle West
Upland, CA 91784

U. S. District Court
Northern District of California
450 Golden Gate
San Francisco, CA 94102

RETURN RECEIPT
REQUESTED

# ORIGINAL

**FILED**

JUL - 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name __BELL__ __STEVEN__ __D.__
(Last) (First) (Initial)

Prisoner Number __#J-69411__

Institutional Address __Avenal State Prison, P.O. Box 9, Avenal, CA 93204-0009__

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C V 08 3269 TEH (PR)

STEVEN DALE BELL
Full Name of Petitioner

Case No. (To be provided by the clerk of court)

vs.

J.D. HARTLEY, Warden, A.S.P.
Name of Respondent
(Warden or jailor)

PETITION FOR A WRIT OF HABEAS CORPUS

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your

1

petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

   1.   What sentence are you challenging in this petition? California Board of Parole Hearings (BPH) denial of parole violated due process (see Brief in Support)
        (a)  Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

Superior Court of California                    Santa Clara County
         Court                                       Location

        (b)  Case number, if known ____95-177776____
        (c)  Date and terms of sentence  Sentenced 6/19/95, life with poss. parole
        (d)  Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) Yes X  No

Where? Avenal State Prison, P.O. Box 9, Avenal, CA 93204-0009
        (Name of Institution)              (Address)

   2.   For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

Attempted murder (Penal Code §§ 664/187) resulting in a seven-year-minimum

life term with the possibility of parole, plus 4 year enhancements for

use of a weapon and great bodily injury.  M.E.P.D. was 01/03/04.

   3.   Did you have any of the following?

Arraignment: Yes X No __  Preliminary Hearing: Yes X No __ Motion to Suppress: Yes X No __

4. How did you plead?

Guilty _____ Not Guilty __XXX__ Nolo Contendere _____

Any other plea (specify) _____ N/A _____

5. If you went to trial, what kind of trial did you have?

Jury __XXX__ Judge alone _____ Judge alone on a transcript _____

6. Did you testify at your trial? Yes _X_ No ___

7. Did you have an attorney at the following proceedings:

(a) Arraignment        Yes X        No ___
(b) Preliminary hearing            Yes X        No ___
(c) Time of plea       Yes X        No ___
(d) Trial              Yes X        No ___
(e) Sentencing         Yes X        No ___
(f) Appeal             Yes X        No ___
(g) Other post-conviction proceeding   Yes X    No ___

8. Did you appeal your conviction? Yes _X_ No ___

(a) If you did, to what court(s) did you appeal?

| | | | | |
|---|---|---|---|---|
| Court of Appeal | Yes X | No ___ | 1996 | Conviction Upheld |
| | | | (Year) | (Result) |
| Supreme Court of California | Yes X | No ___ | 1997 | Conviction Upheld |
| | | | (Year) | (Result) |
| Any other court | Yes ___ | No X | | |
| | | | (Year) | (Result) |

(b) If you appealed, were the grounds the same as those that you are raising in this petition?    Yes ___ No _X_  (this petition concerns parole board denial)

(c) Was there an opinion?    Yes _X_ No ___    (appellate court 1996)

(d) Did you seek permission to file a late appeal under Rule 31(a)?
Yes ___    No _X_    (N/A)

4

If you did, give the name of the court and the result:

N/A

9.  Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?    Yes  X    No __

Re: Conviction
Petitions for writ of habeas corpus in Santa Clara County Superior Court, California Court of Appeal, California Supreme Court, U.S. District Court Northern District of California.(CV-99-02069-TEH).

Re: 2006 BPH Parole Denial
As is more fully set forth in the BRIEF IN SUPPORT, incorporated here by reference, writs of habeas corpus were filed in the Santa Clara County Superior Court (denied May 15, 2007; EXHIBIT S), the California Court of Appeal (denied August 2, 2007; EXHIBIT T), and the California Supreme Court (denied March 12, 2008; EXHIBIT U).  The issues raised in this petition have been fully exhausted in state courts and this petition is timely filed under A.E.D.P.A.

Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

    (a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

***The following concerns habeas petitions arising from 2006 BPH parole denial***

I.    Name of Court __Santa Clara County Superior Court__

    Type of Proceeding __Habeas Corpus Petition__

    Grounds raised (Be brief but specific):

    a.    Parole denial not supported by "some evidence" of current danger to society

    b.    BPH commitment offense factor not supported by "some evidence"

    c.    After completing minimum term, commitment offense alone is insufficient basis to deny parole

    d.    Other substantive & procedural due process violations (same as this petition)

    Result __Denied__    Date of Result __05/15/07__

II.    Name of Court __California Court of Appeal, Sixth District__

    Type of Proceeding __Habeas Corpus Petition__

    Grounds raised (Be brief but specific):

    a.    Parole denial not supported by "some evidence" of current danger to society

    b.    BPH commitment offense factor not supported by "some evidence"

    c.    After completing minimum term, commitment offense alone is insufficient basis to deny parole

    d.    Other substantive & procedural due process violations (same as this petition)

    Result __Denied__    Date of Result __08/02/07__

III.    Name of Court __California Supreme Court__

Type of Proceeding _____ Habeas Corpus Petition _____

Grounds raised (Be brief but specific):

a. Parole denial not supported by "some evidence" of current danger to society
b. BPH commitment offense factor not supported by "some evidence"
c. After completing minimum term, commitment offense alone is insufficient basis to deny parole
d. Other substantive & procedural due process violations (same as this petition)

Result _____ Denied _____ Date of Result __ 03/12/08 __

(b) Is any petition, appeal or other post-conviction proceeding now pending in any court?   Yes X   No ☐   (habeas petition from 2004 parole denial)

_____ United States Court of Appeals, Ninth Circuit _____

(Name and location of court)


B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you need more space. Answer the same questions for each claim.

Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. § 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

Claim One: Parole denial is not supported by "some evidence" that

7

Petitioner Bell is currently an unreasonable risk of danger to society.

Supporting Facts: As is more fully set forth in the accompanying BRIEF IN SUPPORT, incorporated here by reference, no evidence supports the BPH finding that Petitioner Bell poses any current threat to public safety. Trial judge found crime to be situational and "unlikely" to reoccur. Four (4) psychological assessments all find Bell to be "low risk" to society. Bell has perfect prison record with no disciplinary infractions, no substance abuse, no gangs, etc. Bell qualifies for all regulatory suitability factors. His custody and classification scores are lowest possible for life-top prisoner.

Claim Two: BPH finding that the commitment offense was "cruel and callous" (15 CCR §2402(c)(1)) is not supported by "some evidence"

Supporting Facts: As is more fully set forth in the accompanying BRIEF IN SUPPORT, incorporated here by reference, no element of the commitment offense went beyond the minimum elements of the crime (attempted murder) nor points to current dangerousness. The facts of the offense do not distinguish it as meeting the regulatory definitions for "dispassionate and calculated" nor "callous disregard for human suffering" the only two subfactors cited by BPH. Bell's offense factors were below the midrange of the BPH term matrix.

Claim Three: BPH's shifting characterizations of the commitment offense demonstrate that its decision here is arbitrary

Supporting Facts: As is more fully set forth in the accompanying BRIEF IN SUPPORT, incorporated here by reference, while the facts of Bell's crime are immutable and unchanging BPH has used different sub-factors in the regulations to characterize the crime at different hearings. In 2004, BPH found that the crime met four (4) subfactors while in 2006 the same crime met only two (2). Additionally, in the same 2006 hearing, BPH used different sub-factors to describe the unchanging crime at two different points in its decision.

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

All of these claims were raised and fully exhausted in the state courts. (see BRIEF IN SUPPORT)

**CLAIM FOUR:** Continued sole reliance on the unchanging commitment offense after Bell has completed his minimum term violates due process

**SUPPORTING FACTS:** As is more fully set forth in the accompanying BRIEF IN SUPPORT, incorporated here by reference, the predictive value of Bell's crime has diminished over time and is no longer "some evidence" of current dangerousness. Bell has served more than double his required minimum term, meeting the requirements of Biggs, Irons, and Hayward. His MEPD was January 3, 2004.

**CLAIM FIVE:** To whatever extent BPH relied upon so-called "other information" such reliance violates due process where the information is unreliable, inaccurate, and irrelevant to current dangerousness

**SUPPORTING FACTS:** As is more fully set forth in the accompanying BRIEF IN SUPPORT, incorporated here by reference, BPH articulated four (4) so-called "other information that bears on unsuitability": (1)Psych report "not totally supportive" despite overall "low risk" conclusion; (2) Victim and prosecutor opposition which is not a factor upon which to deny parole under Hayward and others; (3) Finding that Bell exhibited "no remorse" is contrary to the record; and, (4) Finding that Bell's closing focused on his suitability and not the victim violates procedural due process where BPH instructed Bell to limit his closing to why he was suitable.

**CLAIM SIX:** BPH illegally denied parole based on Bell's declining to discuss the facts of the commitment offense

**SUPPORTING FACTS:** As is more fully set forth in the accompanying BRIEF IN SUPPORT, incorporated here by reference, Bell stipulated to the official record, accepted full responsibility, but otherwise exercised his right under 15 CCR §2236 not to discuss the facts of the crime. He indicated his willingness to discuss his feelings, insights, motives, remorse, etc., but BPH prohibited this unless he waived his right to silence regarding the facts of the crime -- then denied Bell for not discussing his insights and remorse. Catch-22!

**CLAIM SEVEN:** BPH denial violates due process where based on evidence having no "indicia of reliability"

**SUPPORTING FACTS:** As is more fully set forth in the accompanying BRIEF IN SUPPORT, incorporated here by reference, BPH explicitly relied on a single paragraph of the Schroeder psychological assessment concerning supposed "insufficient" self-help when denying parole -- when BPH knew that this paragraph was contrary to the record of Bell's copious self-help participation. BPH focused on this inaccurate and unreliable paragraph while ignoring the overall "low risk" conclusion of the report. BPH refused to consider a sworn declaration by another psychologist who had conducted a "peer review" of the flawed Schroeder assessment, which review found that report "neither accurate nor reliable."

**CLAIM EIGHT:** BPH violated due process by ignoring or unreasonably denigrating codified circumstances indicating Bell's parole suitability

**SUPPORTING FACTS:** As is more fully set forth in the accompanying BRIEF IN SUPPORT, incorporated here by reference, Bell's record supports <u>every</u> circumstance for parole suitability under 15 CCR §2402(d) except "battered woman syndrome." Yet in denying parole, BPH found that only two of these applied; even fewer than it found at the 2004 hearing.

**CLAIM NINE:** Maximum two-year parole denial is cognizible on federal habeas review and violates due process where demonstrably arbitrary

**SUPPORTING FACTS:** As is more fully set forth in the accompanying BRIEF IN SUPPORT, incorporated here by reference, California has created a protected liberty interest by limiting BPH's discretion to impose multi-year parole denials. BPH violated due process here by imposing the exceptional denial based on the same factor used to deny parole in the first place, i.e., the commitment offense, then demonstrated further arbitrariness by using different subfactors to describe the unchanging crime than it used when describing the crime to deny parole. The crime didn't change in the same hearing between these two decisions by BPH.

**CLAIM TEN:** No evidence supports BPH's findings that Bell needs more self-help and a new psychological evaluation

**SUPPORTING FACTS:** As is more fully set forth in the accompanying BRIEF IN SUPPORT, incorporated here by reference, no evidence supports BPH's order that Bell undergo a new psychological evaluation in order to be suitable for parole. Bell has already undergone four (4) of these, all of which found him to be "low risk" of dangerousness -- the most current report (Macomber 2006) explicitly finds no need for additional psych reports. Secondly, Bell has completed every available self-help program available to him in prison and has sought additional outside programs as well. Two psychologists have found that no additional self-help is needed (Walker 2002, Macomber 2006). Order for more self-help did not come up at hearing but only afterward in written decision form, a procedural due process violation.

**CLAIM ELEVEN:** BPH denial violates due process where based on an underground across-the-board policy to arbitrarily deny parole at all hearings where a victim attends in opposition

**SUPPORTING FACTS:** As is more fully set forth in the accompanying BRIEF IN SUPPORT, incorporated here by reference, BPH <u>never</u> grants parole when a victim attends the hearing to oppose parole (as happened in Bell's case). Bell asserts that BPH has an unwritten policy to pander to a victim's outrage, in violation of due process.

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008); Rosenkrantz v. Marshall, 444 F.Supp.2d 1063 (C.D.Cal. 2006); Thomas v. Brown, 513 F.Supp.2d 1124 (N.D.Cal. 2006); In re Barker, 151 Cal.App.4th 346 (Cal.App. 1 Dist. 2007); In re Elkins, 144 Cal.App.4th 475 (Cal.App. 1 Dist. 2006); In re Weider, 145 Cal.App.4th 570 (Cal.App. 6 Dist. 2006); In re Viray, ___ Cal.App.4th ___, 2008 DJDAR 5332 (Cal.App. 4 Dist. 04/15/08); see authorities cited in the accompanying BRIEF IN SUPPORT, incorporated here by reference.

Do you have an attorney for this petition?   Yes ☐  No ☒

If you do, give the name and address of your attorney:

N/A

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on  7/5/08                    _[signature]_
             Date                       Signature of Petitioner

( rev. 5/96)

9

DECLARATION OF SERVICE

I, the undersigned, say:

I am a citizen of the United States, a resident of San Bernardino County, over 18 years of age, and not a party to this action. I reside at 1692 Carmel Circle West, Upland, CA 91784.

On the date executed below, I served the PETITION FOR WRIT OF HABEAS CORPUS copies thereof in a sealed envelope, postage thereon fully prepaid, in the United States Mail at Upland, California, addressed as follows:

| | |
|---|---|
| U. S. District Court<br>Northern District of California<br>450 Golden Gate<br>San Francisco, CA 94102 | Steven D. Bell<br>Avenal State Prison, #J-69411, 120-236L<br>P. O. Box 9<br>Avenal, CA 93204 |

Attorney General of California
P. O. Box 944255
Sacramento, California  94244-2550

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___7/5/08___, 2008, at Upland, California.

*LaVonia Margala*
LaVonia Margala